

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Jacob D. Albertson
Partner, through his professional corporation
(917) 546-7714 Phone
(917) 546-7679 Fax
j1a@msk.com

March 28, 2025

**VIA ECF**

Honorable Eric N. Vitaliano
United States District Judge, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Bishop v. International Alliance of Theatrical Stage Employees Local 52, et al., Case No. 24-cv-06148-ENV-LKE; Motion for Pre-Motion Conference and Leave to File Motion to Dismiss

Dear Judge Vitaliano:

We write on behalf of Defendants Sony Pictures Television, LLC ("Sony"), Apple Studios, Inc. ("Apple[1]"), and HBO Studios, Inc. ("HBO[2]") (collectively, the "New Studio Defendants"). Pursuant to Section III.A of Your Honor's Individual Rules, the New Studio Defendants respectfully request a pre-motion conference and leave to file a motion to dismiss Plaintiff Ronald Bishop's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b).

The New Studio Defendants respectfully refer the Court to the letter motion for a pre-motion conference filed on January 21, 2025 by Defendants CBS Studios Inc., Marvel Studios, LLC, Netflix Productions, LLC, and Universal Television, LLC (the "Previously Served Studio Defendants," and together with the New Studio Defendants, the "Studio Defendants"), and adopt the arguments set forth in that letter motion and incorporate them herein.  *See* ECF No. 26 and Exhibit A hereto.

To promote judicial efficiency and coordinate filings, the New Studio Defendants respectfully request that the Court grant them leave to proceed with their anticipated motion to dismiss on the same schedule that has been ordered for the Previously Served Studio Defendants' motion to dismiss.  *See* Feb. 14, 2025 Court Notice of Electronic Filing (setting the motion to dismiss deadline for April 10, 2025, opposition for May 15, 2025, and reply for June 5, 2025).

Counsel for Plaintiff stated that he consents to this request.

**Relevant Procedural History**

Plaintiff filed his Complaint on September 3, 2024, alleging "Disparate Impact Discrimination" under the NYSHRL and NYCHRL, and "LMRA § 301-Breach of Contract."  On January 21, 2025, the Previously Served Studio Defendants filed a letter motion for a pre-motion conference.  ECF No. 26.  On January 30, 2025, the Court ordered that the Previously Served Studio Defendants may proceed with their motion to dismiss.

On February 7, 2025, having not yet served HBO, Apple, Sony, or Defendant "Amazon MGM Studios, LLC" ("Amazon"), Plaintiff filed a motion for an extension of time to serve these

---

[1] "Apple Studios, Inc." is not the legal name of any existing business.  Although Plaintiff named this non-existent entity in the Complaint, he purported to sue "Apple Studios, LLC."

[2] "HBO Studios, Inc." is not the legal name of any existing business.  Although Plaintiff named this non-existent entity in the Complaint, he purported to serve "Home Box Office, Inc., sued herein as HBO Studios, Inc."

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900  Fax: (212) 509-7239  Website: WWW.MSK.COM

20596498.1



Honorable Eric N. Vitaliano
March 28, 2025
Page 2

defendants. On February 11, 2025, Magistrate Judge Eshkenazi granted the motion and directed Plaintiff to file proof of service by March 11, 2025.

On February 13, 2025, the Previously Served Studio Defendants and Plaintiff submitted a joint proposed schedule for the motion to dismiss. As set forth in that proposal, "Plaintiff proposed, and the [Previously Served] Studio Defendants agree[d], that further briefing on the anticipated motion to dismiss should be deferred until after [HBO, Apple, Sony, and Amazon] are served." ECF No. 39. On February 14, 2025, the Court adopted the proposed schedule.

On March 10, 2025, Plaintiff filed affirmations of service on Sony (ECF No. 47), "Apple Studios LLC" (ECF No. 45), and "HOME BOX OFFICE, INC. SUED HEREIN AS HBO STUDIOS, INC." (ECF No. 46).[3]

**Legal Bases for Dismissal**

Plaintiff's Complaint should be dismissed as to the Studio Defendants. As set forth in the Previously Served Studio Defendants' letter motion, dismissal is warranted because, *inter alia*: (1) the disparate impact discrimination claims are preempted by the doctrines of *Garmon* preemption and LMRA Section 301 preemption; (2) Plaintiff failed to state a claim for disparate impact discrimination; (3) the LMRA Section 301 cause of action is based solely on allegations of wrongdoing by Local 52, and not the Studio Defendants; (4) the Complaint is an improper group pleading; and (5) several of the Studio Defendants were not properly or timely served. *See* ECF No. 26.

We thank the Court for its attention to this matter, and look forward to the opportunity to expand upon the foregoing analysis in a motion to dismiss.

Respectfully submitted,
/s/ Jacob D. Albertson

Jacob D. Albertson
Partner, through his professional corporation of
MITCHELL SILBERBERG & KNUPP LLP

---

[3] Although Plaintiff purported to serve the New Studio Defendants via the New York Secretary of State, the New Studio Defendants note that they have not received any actual service of the Complaint, and reserve the right to argue improper service on this basis. Plaintiff also filed an "Affirmation of **Non-Service**" on Amazon, which stated that the process server "was **unable** to effect service." ECF No. 44 (emphasis added).

20596498.1

# Exhibit A



Jacob D. Albertson<br>
Partner, through his professional corporation<br>
(917) 546-7714 Phone<br>
(917) 546-7679 Fax<br>
j1a@msk.com

January 21, 2025

**VIA ECF**

Honorable Eric N. Vitaliano
United States District Judge, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  **Bishop v. International Alliance of Theatrical Stage Employees Local 52, et al., Case No. 24-cv-06148-ENV-LKE; Motion for Pre-Motion Conference**

Dear Judge Vitaliano:

This firm is counsel to Defendants CBS Studios Inc., Marvel Studios, LLC, Netflix Productions, LLC, and Universal Television, LLC (the "Studio Defendants")[1] in the above-referenced action. Pursuant to Section III.A of Your Honor's Individual Rules, the Studio Defendants respectfully request a pre-motion conference and leave to file a motion to dismiss Plaintiff Ronald Bishop's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

As set forth below, Plaintiff's claims against the Studio Defendants should be dismissed, including for the following reasons: (1) his New York City Human Rights Law ("NYCHRL") and New York State Human Rights Law ("NYSHRL") claims are preempted; (2) he fails to state a claim for disparate impact discrimination; and (3) his Labor Management Relations Act ("LMRA") claim does not allege any violation by or seek any relief from the Studio Defendants.

**Relevant Factual Allegations**

Plaintiff is an electrician, and a member of Defendant I.A.T.S.E. Local 52 ("Local 52"). Compl. ¶¶ 15, 71. He purports to represent a class of "similarly situated African American and Latino applicants for Local 52 membership or jobs with the" Studio Defendants. *Id.* ¶ 30.

Plaintiff alleges that Local 52 is the "the exclusive collective bargaining representative" for "craft employees" such as himself. *Id.* ¶ 14. He alleges that, pursuant to a collective bargaining agreement ("CBA") between Local 52 and film and television producers, Local 52 is "gatekeeper" to employment in the film and television industry. *Id.* ¶ 19. According to Plaintiff, he applied for membership in Local 52 in 2012, but was denied membership until 2024. *Id.*, ¶¶ 35, 71. He alleges that Local 52 employs "racially discriminatory" admissions and job referral policies. *Id.* ¶¶ 24, 61.

The Complaint's allegations regarding the Studio Defendants are scant and conclusory. Plaintiff alleges that these companies "recognize Local 52 as the exclusive collective bargaining representative of all Defendant Studio employees in the represented craft departments," and that "[i]n order to obtain employment on a Defendant Studio television or film production, a worker must be referred through the Local 52 union hall." *Id.* ¶¶ 20-21, 87. He states, without detail or support, that because of the Studio Defendants' undefined "active participation" in "Local 52's racially exclusionary" policies, "qualified African American and Latino workers are significantly underrepresented in the film and television production jobs." *Id.* ¶ 24.

---

[1] Plaintiff named as Defendants, but did not serve, additional production companies: Amazon MGM Studios, LLC, Sony Pictures Television, LLC, Apple Studios, Inc., and HBO Studios, Inc. Plaintiff has apparently abandoned his claims against these Defendants.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900  Fax: (212) 509-7239  Website: WWW.MSK.COM

20442515.1


Plaintiff filed his Complaint on September 3, 2024, alleging "Disparate Impact Discrimination" under the NYSHRL and NYCHRL, and "LMRA § 301-Breach of Contract." He served Marvel Studios, LLC, Netflix Productions, LLC, and Universal Television, LLC on December 3, 2024, which is 91 days after the filing of the Complaint.

**Legal Bases for Dismissal**

Because Plaintiff failed to timely serve Marvel Studios, LLC, Netflix Productions, LLC, and Universal Television, LLC, and has failed to show good cause, dismissal without prejudice is warranted on this basis alone. Fed. R. Civ. P. 4(m). In any event, dismissal with prejudice is warranted as to all the Studio Defendants for the reasons set forth below.

*Plaintiff's Disparate Impact Discrimination Claims Are Preempted*

The **Garmon preemption** doctrine bars Plaintiff's disparate impact discrimination claims. That doctrine prohibits state or local laws from regulating conduct that is prohibited or protected, or arguably prohibited or protected, by the National Labor Relations Act ("NLRA"), and, thus, subject to the primary jurisdiction of the National Labor Relations Board ("NLRB"). *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244-45 (1959). "Sections 7 and 8 of the [NLRA] regulate 'concerted activities' and 'unfair labor practices,' respectively, seeking to protect the former and stamp out the latter." *Bldg. Trades Employers' Educ. Ass'n v. McGowan*, 311 F.3d 501, 508 (2d Cir. 2002). Here, Plaintiff's claims for purported violations of New York statutes expressly allege that the Studio Defendants engaged in "unfair labor practices"; indeed, Plaintiff specifically alleges that such practices are **exactly the same** as those asserted in a separate NLRB complaint by a different individual. *See* Compl. ¶¶ 81-88. His discrimination claims are thus "founded upon the identical facts which provided the basis for [an] unfair labor practices charge," and "expressly preempted," notwithstanding his allegations of discriminatory impact. *Chaulk Servs., Inc. v. Massachusetts Comm'n Against Discrimination*, 70 F.3d 1361, 1364 (1st Cir. 1995); *see Domnister v. Exclusive Ambulette, Inc.*, 2008 WL 2157115, at *3 (E.D.N.Y. May 21, 2008).

In addition to and independent of *Garmon* preemption, Plaintiff's claims are barred under **LMRA § 301 preemption** doctrine. Section 301 gives federal courts jurisdiction over controversies involving collective bargaining agreements. *Vera v. Saks & Co.*, 335 F.3d 109, 113-114 (2d Cir. 2003). It governs claims founded directly on rights created by collective bargaining agreements, and also claims "substantially dependent upon analysis of the terms of" such agreements. *Id.* at 114. Here, Plaintiff expressly and repeatedly puts the CBA at issue, and alleges that its requirements form the basis of the allegedly discriminatory "policies" that underlie his disparate impact claims. *See, e.g.*, Compl. ¶¶ 17-21, 83(e). Plaintiff's allegations thereby "challenge[] the legality of a term of the CBA," and will therefore "require substantial interpretation of the CBA." *Vera*, 335 F.3d at 115; *see also Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019) (holding that Section 301 preempted the plaintiff's NYSHRL and NYCHRL claims).

*Plaintiff Fails to State a Disparate Impact Discrimination Cause of Action*

Even if they were not preempted, these claims still fail. To adequately plead disparate impact discrimination, Plaintiff must "(1) identify a specific employment practice or policy; (2) demonstrate that a disparity exists; and (3) establish a causal relationship." *Mandala v. NTT Data, Inc.*, 975 F.3d 202, 209 (2d Cir. 2020). Plaintiff cannot satisfy any of these elements.



Honorable Eric N. Vitaliano
January 21, 2025
Page 3

First, Plaintiff has not identified any specific employment practice or policy of the Studio Defendants. To establish the requisite specific employment practice, "[i]t is not enough to ... point to a generalized policy that leads to such an impact. Rather, the employee is responsible for isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities." *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 241 (2005). "Identifying a specific practice is not a trivial burden." *Meacham v. Knolls Atomic Power Lab'y*, 554 U.S. 84, 100–01 (2008). Here, at best, Plaintiff alludes to practices or policies of Local 52; he makes no allegations of any specific policy or practice of the Studio Defendants.[2]

Second, Plaintiff has not met his burden to plausibly allege that a disparity exists. "To nudge a disparate impact claim across the line from conceivable to plausible … plaintiffs typically rely on statistical evidence to show a disparity in outcome between groups. But not just any statistical assessment will do." *Mandala*, 975 F.3d at 209 (citations omitted). "At the prima facie stage, a plaintiff's statistical analysis must [demonstrate] that the disparity is substantial or significant, and must be of a kind and degree sufficient to reveal a causal relationship between the challenged practice and the disparity." *Id.* At the pleading stage, "the statistical analysis must, at the very least, focus on the disparity between appropriate comparator groups." *Id.* Here, Plaintiff **fails to proffer any analysis whatsoever**; indeed, he only alleges, in bare, conclusory terms, that Local 52 members are "disproportionately White," Comp. ¶ 61, and "African American and Latino workers are significantly underrepresented in the film and television production jobs." *Id.* ¶ 24. These allegations are insufficient to plausibly allege a disparate impact claim.

Third, even if he had alleged a specific policy or disparity, Plaintiff's own allegations belie any inference of causation. He acknowledges that, notwithstanding any policy by Local 52, the Studio Defendants are not bound to hire only union members, and in fact hired Plaintiff many times before he became a union member. *Id.* ¶¶ 52-54; ECF 1-1. "[B]ecause Plaintiff's conclusory allegations fail to show the requisite causal link" between any specific policy of the Studio Defendants and any racial disparity in their hiring, his claims must fail. *Moss v. Bd. of Educ. of Sachem Cent. Sch. Dist.*, 2024 WL 3328637, at *11 (E.D.N.Y. July 8, 2024).[3]

<u>*Plaintiff Fails to State an LMRA § 301 Cause of Action Against the Studio Defendants*</u>

Plaintiff's third cause of action is based solely on allegations that "Local 52 violated the LMRA" by failing to admit Plaintiff into its membership. Compl. ¶ 95. Since there is no allegation that the Studio Defendants had anything to do with this alleged breach, this claim fails against them. Furthermore, to the extent this claim is dismissed in its entirety, the Court should decline to exercise supplemental jurisdiction over the remaining state and city claims.

We thank the Court for its attention to this matter, and look forward to the opportunity to expand upon the foregoing analysis in a motion to dismiss.

---

[2] To the extent he has alleged any policies of the Studio Defendants, they are allegedly embodied in the CBA, and therefore subject to preemption, as discussed above.

[3] In addition, because the Complaint fails to allege conduct by any of the Studio Defendants in particular, it is an improper "group pleading," and should be dismissed on this basis alone. The Complaint only alleges generally that Plaintiff "has applied for employment with the Defendant Studios but has been denied any work" (Compl. ¶ 22), but fails to allege facts to plausibly state that he was harmed by the alleged policies of any particular Studio Defendant. "Unless defendants know what they are alleged to have done, they are shadow-boxing. An action cannot fairly proceed in that manner." *Plusgrade L.P. v. Endava Inc.*, 2023 WL 2402879, at *3 (S.D.N.Y. Mar. 8, 2023). The Complaint is also deficient because Plaintiff has failed to plausibly allege that the requirements for class certification are satisfied.

20442515.1



Honorable Eric N. Vitaliano
January 21, 2025
Page 4

Respectfully submitted,
/s/ Jacob D. Albertson

Jacob D. Albertson
Partner, through his professional corporation of
MITCHELL SILBERBERG & KNUPP LLP

20442515.1